Filed 9/12/24  In re M.C. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>A.C.,<br><br>    Defendant and Appellant. | G064088<br><br>(Super. Ct. No. 21DP0066)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Joseph Kang, Judge. Affirmed.

Tracy M. De Soto, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Debbie Torrez and Deborah B. Morse, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

* * *

A.C. (Mother) is before us a second time on appeal from an order terminating her parental rights. In the first appeal, we conditionally reversed the order, after concluding respondent Orange County Social Services Agency (SSA) failed to comply with the California Indian Child Welfare Act (ICWA) by not inquiring of several maternal relatives. We remanded the matter to the juvenile court for the limited purpose of allowing SSA to comply with ICWA. (*Orange County Social Services Agency v. A.C.* (Aug. 1, 2023, G062205) [nonpub. opn.].)

Following remand, the juvenile court held a hearing where it accepted evidence of additional ICWA inquiries. Mother was not present, but her counsel was present. After considering the evidence and hearing arguments, the court found ICWA did not apply, and affirmed the order terminating parental rights. Mother appeals, arguing the order must be reversed because she did not receive notice of the hearing. We conclude any notice error was harmless, and accordingly, affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

I.

PRIOR APPEAL

The factual background of the case can be found in our prior opinion. (See *Orange County Social Services Agency v. A.C.* (Aug. 1, 2023, G062205) [nonpub. opn.].) As to ICWA, Mother repeatedly denied Native American Indian heritage to various social workers and to the court. Although Mother provided no names of any relatives for social workers to interview about the applicability of ICWA, a social worker was able to contact Mother's sister, who reported the family did not have any Native American

2

Indian heritage. SSA did not attempt to contact Mother's father or brother, although Mother had reported she was in contact with them as part of her drug rehabilitation program. (*Ibid.*) As to the alleged father, Mother stated he did not have any Native American Indian heritage. Although Mother provided the alleged father's contact information, a social worker could not contact him by phone. The social worker also drove to the physical address she was provided, but a resident informed her that no one by the alleged father's name lived in the home. (*Ibid.*) On this record, we concluded SSA failed to comply with the initial inquiry requirement because it made no attempt to contact the maternal grandfather or uncle. We remanded the matter for the limited purpose of allowing SSA to comply with ICWA. (*Ibid.*)

## II.

### POST-REMAND PROCEEDINGS

After remand, SSA prepared a new Welfare & Institutions Code section 366.26[1] report (the report). SSA reported that on April 4, 2024, a social worker inquired of the maternal grandfather, maternal uncle, and maternal cousin. All three denied any Native American Indian heritage. On April 5, 2024, a social worker spoke with the maternal aunt, who denied any Native American Indian heritage in the maternal side of the family. SSA noted that Mother had not visited the minor for approximately a year, and had not been in contact with SSA. A social worker also unsuccessfully tried to contact Mother. The report noted that Mother recently had been arrested for possession of a controlled substance, and there was a hearing on the charge scheduled for March 8, 2024.

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

At a hearing on February 27, 2024, the juvenile court accepted the new report. Mother's counsel objected to the termination of parental rights, but did not raise any objection to notice or the applicability of ICWA. After considering the report, the court found Mother had received proper notice and that ICWA does not apply. It terminated parental rights and ordered the minor to be placed for adoption.

DISCUSSION

Mother contends the juvenile court's order must be reversed because her due process rights were violated when SSA failed to notify her of the ICWA hearing. She cites cases holding that the failure to properly notice a selection and implementation hearing is a structural error. However, Mother misinterprets the limited remand. The case was not remanded for a new section 366.26 hearing, but to cure an ICWA error. (See *In re Terrance B.* (2006) 144 Cal.App.4th 965, 972 ["The remittitur defined the scope of the juvenile court's jurisdiction by ordering the court to reinstate the judgment terminating parental rights, thereby foreclosing the right to a new selection and implementation hearing, if ICWA did not apply."]; *In re Francisco W.* (2006) 139 Cal.App.4th 695, 707 ["Curing the ICWA error is distinct and separate from the section 366.26 protections"].) Thus, the cited cases are inapplicable.

Nevertheless, in *In re Justin S.* (2007) 150 Cal.App.5th 1426 (*Justin S.*), the appellate court concluded that following a limited remand for compliance with ICWA noticing provisions to Indian tribes, "the appellant-parent must be given the opportunity to participate in the proceedings on remand" with the assistance of counsel. (*Id.* at p. 1436.) The *Justin S.* court distinguished a similar case on the basis that, "when the juvenile court conducted the ICWA compliance hearing, the parents were represented by

4

counsel, who, presumably, had received notice of the remand proceedings." (*Id*. at p. 1434.) Here, SSA attempted to contact Mother, and her counsel was present at the ICWA hearing. Thus, it can be inferred counsel received notice of the remand proceedings. Accordingly, Mother received all notice she was due under caselaw.

In any event, any notice error is harmless. (See *In re Dezi C.* (Aug. 19, 2024, No. S275578) __ Cal.5th __, at fn. 11 [2024 Cal. LEXIS 4636] (*Dezi C.*).)  [ICWA error reviewed for prejudice under *People v. Watson* (1956) 46 Cal.2d 818].)  Substantial evidence supports the juvenile court's finding that the inquiry was adequate and ICWA does not apply. (See *In re Dezi C., supra,* __ Cal.5th __ [2024 Cal. LEXIS 4636] [following remand, "the juvenile court's finding regarding the adequacy of the inquiry and ICWA's applicability is subject to a deferential standard of review"].) Mother has consistently and repeatedly denied Native American Indian heritage. SSA also inquired of numerous relatives, including the maternal grandfather and maternal uncle, who were specifically noted in our prior opinion, and all denied any Native American Indian ancestry. Mother does not suggest any other relative who should be queried. Nor does she proffer any evidence suggesting there may be Native American Indian ancestry in her family. Thus, nothing suggests that had Mother been properly notified about the ICWA hearing, the juvenile court would have made different ICWA findings.

## DISPOSITION

The juvenile court's order terminating parental rights over M.C. is affirmed.


DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P. J.


MOTOIKE, J.