Filed 4/18/13  In re Manuel T. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re MANUEL T., A Person Coming Under the Juvenile Court Law. | 2d Juv. No. B243808 (Super. Ct. No. J068195) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, <br><br>        Plaintiff and Respondent, <br><br> v. <br><br> V. O., <br><br>        Defendant and Appellant. | |

V. O., mother of Manuel T., appeals from a juvenile court order terminating her parental rights, arguing that notice was not given to eight Cherokee tribes as required by the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.; Welf. & Inst. Code, § 224.2, subd. (a).)[1]  We affirm on the ground that the ICWA notice defect was cured after the appeal was filed.

*Facts and Procedural History*

Ventura County Human Services Agency (HSA) detained six-month old Manuel on March 1, 2011  after appellant was arrested for being under the influence of a controlled substance, felony possession of marijuana for sale, dissuading a witness by force or threat, making criminal threats, and possession of a smoking device with

---

[1] All further statutory references are to the Welfare and Institutions Code.

methamphetamine residue. Appellant was using methamphetamine and had bags of marijuana, a scale, and rolls of money with a pay/owe sheet.

HSA filed a dependency petition for failure to protect or provide (§300, subds. (b) & (g)), alleging that appellant and the biological father were incarcerated and unable to care for Manuel. At the March 30, 2011 jurisdiction/disposition hearing, respondent submitted a report summarizing appellant's lengthy criminal and substance abuse history. The trial court ordered services, supervised visits, and foster care.

As of the twelve month review hearing date, appellant had not complied with her case plan, had tested positive for drugs, and was arrested on a probation violation for not submitting to a drug test. HSA reported that the whereabouts of the biological father was unknown and that he had not maintained contact with Manuel. The trial court terminated services and set the matter for a section 366.26 hearing.

On July 10, 2012, appellant filed a section 388 petition to reinstate services. The trial court denied the petition at a combined 388/366.26 hearing, found that Manuel was adoptable, and terminated parental rights.

*ICWA*

Appellant argues that the ICWA notice was defective. (§ 224.2, subd. (a); see *In re Alice M.* (2008) 161 Cal.App.4th 1189, 1200-1201.) Before the detention hearing, appellant signed a Parental Notification of Indian Status (ICWA-020) stating that she may have Apache Indian ancestry. The trial court found that ICWA may apply and directed HSA to give notice.

On March 11, 2011, HSA sent notice to the Bureau of Indian Affairs and four Arizona Apache tribes using official addresses published in the Federal Register. HSA mailed the ICWA-030 notice for the March 30, 2011 jurisdiction/disposition hearing to the Bureau of Indian Affairs and four Arizona Apache tribes, using addresses posted by the California Department of Social Services.

Appellant, in her opening brief, argued that ICWA notices were not sent to four non-Arizona Apache tribes and claimed that the notices mailed to the Arizona Apache tribes had incorrect addresses. Thereafter, HSA mailed a new ICWA-030 notice to the

2

Bureau of Indian Affairs and all the Apache tribes (four Arizona tribes and four non-Arizona tribes), using correct addresses. At a December 10, 2012 and January 28, 2013 status hearing, HSA filed documents describing the ICWA investigation and lodged certified mail receipts showing that the ICWA-030 notice was served on the tribes and Bureau of Indian Affairs.

We granted HSA's request to augment the record on appeal and take judicial notice of the January 28, 2013 trial court order that notice was given as required by ICWA, that Manuel is not an Indian child, an that ICWA does not apply.[2] (See *In re C.D.* (2003) 110 Cal.App.4th 214, 226 [where agency did not initially comply with the ICWA, the record may be augmented to show subsequent ICWA compliance].) An agency's failure to show compliance with the ICWA notice requirements may be cured while the appeal is pending. (See *Alicia B. v. Superior Court* (2004) 116 Cal.App.4th 856, 867; *In re S.M.* (2004) 118 Cal.App.4th 1108, 1116-1117; *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1432.) That is the case here.

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

---

[2] Four tribes (the Mescalero Apache Tribe, the San Carlos Apache Tribe, the Tonto Apache Tribe, and the Yavapai-Apache Nation) responded to the ICWA-030 notice and confirmed that Manuel is not a tribe member or eligible for tribal membership. **~(AUG 47-50)**

3

Ellen Gay Conroy, Judge

Superior Court County of Ventura

_____


Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, County Counsel, county of Ventura, Oliver G. Hess, Assistant County Counsel, for Respondent