Filed 8/21/14  In re Gabriel C. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Gabriel C., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B254129 (Super. Ct. No. J068965) (Ventura County) |
| HUMAN SERVICES AGENCY,    Plaintiff and Respondent, v. CHRISTOPHER C.,    Defendant and Appellant. | |

Christopher C. (father) appeals from the order of the juvenile court terminating his parental rights with respect to his son, Gabriel C.  (Welf. & Inst. Code, § 366.26.)[1]  Father contends that Ventura County Human Services Agency (HSA) failed to comply with the notice provisions of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and the California ICWA related statutes (§ 224 et seq.).  HSA, however, cured the ICWA notice defect while the appeal was pending.    We affirm.

*Facts and Procedural History*

On August 7, 2012, HSA filed a petition for failure to protect (§ 300, subd. (b)) one-year old Gabriel after father punched out a car window during a domestic dispute

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

with Gabriel's mother, Frances V. Gabriel was cut by shards of glass and treated at the hospital. The petition stated that mother had a history of substance abuse and suffered from a mental health disability but was not participating in mental health services. Father had a criminal record and history of substance abuse that interfered with his ability to care for and supervise Gabriel.

The trial court sustained the amended petition, detained Gabriel, and ordered reunification services. Services were terminated on August 12, 2013, at the 12-month review hearing based on the parents' failure to follow the case plan. The trial court set the matter for a 366.26 hearing and found that ICWA did not apply.

At the section 366.26 hearing, HSA reported that mother had dropped out of contact and father had been arrested for substance related crimes and was in jail. The trial court found that parent-child relationship exception did not apply and terminated parental rights, freeing Gabriel for adoption.

*ICWA*

Before parental rights were terminated, Gabriel's mother advised HSA that she may have Cherokee, Blackfeet and Apache Indian ancestry. HSA sent ICWA notices to the Bureau of Indian Affairs and the tribes but failed to list the maternal great-great-grandmother (Dortha D.) as a blood relative.

Father argues that HSA did not comply with the ICWA and requests that the matter be remanded with directions to serve the tribes with an amended notice that lists the maternal great-great-grandmother. (See *In re S.E.* (2013) 217 Cal.App.4th 610, 615-616 [failure to state the name of minor's great-great-grandfather rendered ICWA notice inadequate].) After father's opening brief was filed, HSA initiated proceedings to cure the notice defect and served the Bureau of Indian Affirms and tribes with an amended notice listing the maternal great-great-grandmother who is still living.

We granted HSA's motion to augment the record which reflects that HSA corrected the ICWA error that father complains about. (*In re C.D.* (2003) 110 Cal.App.4th 214, 224-226.) It is settled that a social services agency may cure an ICWA notice defect while the appeal is pending. (*In re Christopher I.* (2003) 106 Cal.App.4th 533, 562-567

2

[appellate record augmented to reflect that newly sent ICWA notices were adequate]; *Alicia B. v. Superior Court* (2004) 116 Cal.App.4th 856, 867 [same]; *In re S.M.* (2004) 118 Cal.App.4th 1108, 1117; *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1432.)

The augmented record reflects that HSA mailed revised ICWA notices on March 18, 2014, and that seven tribes (Cherokee Nation, United Keetoowah Band of Cherokee, Eastern Band of Cherokee, Jicarilla Apache Nation, Mescalero Apache Tribe, Tonto Apache Tribe, and San Carlos Apache Tribe) responded that Gabriel is not eligible for tribal membership. Five tribes (Apache Tribe of Ok, Ft. Sill Apache Tribe, Blackfeet Nation, White Mountain Apache Tribe, and Yavapai Mountain Apache Tribe) declined to respond within the 60 days required by ICWA. On May 27, 2014, the trial court found that ICWA does not apply to Gabriel. (§ 224.3, subd. (e)(3).) HSA has fully complied with the relief that father is requesting by serving the tribes with amended ICWA notices listing the maternal great-great-grandmother as the child's blood relative.

The judgment (order terminating parental rights) is affirmed.

NOT TO BE PUBLISHED.


                                                    YEGAN, J.
We concur:


        GILBERT, P.J.


        PERREN, J.

3

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Terence M. Chucas, under appointment by the Court of Appeal, for Appellant.


Leroy Smith, County Counsel, County of Ventura and Alison L. Harris, Assistant County Counsel, for Respondent.