Filed 5/20/15  In re Levi R. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re LEVI R., a Person Coming Under the Juvenile Court Law. | B258280<br>(Los Angeles County<br>Super. Ct. No. CK63288) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANNA L. et al.,<br><br>    Defendants and Appellants. | |

APPEALS from an order of the Superior Court of Los Angeles County.  Anthony Trendacosta, Commissioner.  Conditionally reversed with directions.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant Anna L.

Merrill Lee Toole, under appointment by the Court of Appeal, for Defendant and Appellant Richard R.

Mark J. Saladino, County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Anna L. (Mother) and Richard R. (Father) appeal from an August 5, 2014 order terminating their parental rights over Levi R. (born in 2010) contending that substantial evidence did not support the juvenile court's finding that proper notice was given under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).  Mother argues that the Department of Children and Family Services (DCFS) failed to comply with the inquiry and notice requirements of the ICWA because the notice did not include all available information regarding maternal relatives; the notice sent to the United Keetoowah Band was sent to the wrong designee; and DCFS failed to notice a federally recognized Navajo tribe.  Mother requests that the order terminating parental rights be conditionally reversed and the matter remanded for compliance with notice requirements.  Father joins in Mother's arguments.  DCFS concedes in a letter brief that Mother's arguments are meritorious and requests this court to enter a limited reversal of the order terminating parental rights.

We agree with Mother's and Father's contentions and conditionally reverse the August 5, 2014 order terminating Mother's and Father's parental rights.  We remand the matter to the juvenile court with directions to:  Order DCFS to complete new notice forms after interviewing Mother and all known maternal relatives; order DCFS to send a new notice to Mother and Father, the Bureau of Indian Affairs (BIA), the Secretary of the Interior, and all bands of the Cherokee and Navajo tribes to the designees listed on the current federal registry, including the Colorado River Indian Tribe; and hold a new section 366.26 hearing at least 60 days after the tribes receive the new notices.[1]  If, after receiving proper notice, a tribe determines Levi R. is an Indian child as defined by the ICWA, the court shall proceed in conformity with the provisions of the ICWA.  If no

_____

[1] DCFS recommended that 60 days would be needed for the tribes to evaluate the notices and to "ensure the parents are noticed for the hearing and re-appointed counsel."

2

tribe indicates that Levi is an Indian child within the meaning of the ICWA, the court shall reinstate the order terminating Mother's and Father's parental rights over him.

## BACKGROUND

We discuss only the facts pertinent to this appeal regarding the ICWA notice and not the facts leading up to the filing of the Welfare and Institutions Code section 300 petitions on behalf of Levi and the termination of parental rights.[2]

On June 1, 2013, Mother denied that Levi had Indian ancestry. On June 5, 2013, Mother filled out a parental notification of Indian status form, stating that she might have Indian ancestry, specifically the Navajo and Cherokee tribes. Her handwritten notations referenced "GG Mo," "Gracie," and "James Allen [P.]" She also wrote the name of maternal great-aunt "Mary [L.]" and a phone number. Father filled out a parental notification of Indian status form, indicating he had no Indian ancestry.

Mother and Father were in custody but appeared at a June 5, 2013 detention hearing. "Maternal grandmother and great uncle" were also present at the hearing. The juvenile court noted that Mother indicated that she had Navajo and Cherokee heritage. When asked whether she, her parents, or grandparents were registered members of any tribe, Mother answered that maternal grandmother "could better answer that." Maternal grandmother then stated that her grandmother's mother, Gracie, was "100 percent Cherokee." Maternal grandmother believed Gracie may have been a registered member of a tribe. Mother stated that maternal great-aunt Mary L. "has all the information on that" and gave the court Mary L.'s telephone number. Maternal grandmother also stated that her grandfather, James Allen P., was full Cherokee. Father denied Indian ancestry.

The juvenile court ordered DCFS to complete a full investigation, including interviewing Mary L. at the telephone number provided by Mother and re-interviewing

---

[2] Undesignated statutory references are to the Welfare and Institutions Code. Failure to comply with the ICWA is the only basis for Mother's and Father's appeals. We therefore do not address the juvenile court's findings leading up to termination of Mother's and Father's parental rights.

Mother and maternal grandmother. It also ordered DCFS to notice "the appropriate tribes and the [BIA] if necessary." The court found that the ICWA did not apply as to Father.

On July 23, 2013, maternal aunt Rebecca B. and maternal grandmother reported to DCFS that the family had Cherokee heritage. They stated that Mary L. had constructed a family tree showing Cherokee heritage. On July 23, 2013, DCFS left a message for Mary L. regarding the family's Cherokee heritage.

On July 24, 2013, DCFS sent a notice of custody proceedings for an Indian child to the BIA, the Secretary of the Interior, and to three Cherokee tribes. The notice contained the names and addresses of Mother, Father, and maternal grandmother. It did not contain any information regarding Gracie or James. As pertinent to this appeal, the notice for the United Keetoowah Band of Cherokee Indians was sent to Sonya Cochran at P.O. Box 746, Tahlequah, OK 75565. A September 9, 2013 letter from the Cherokee Boys Club, Inc., stated that Levi was not registered with, nor eligible to register as, a member of the Eastern Band of Cherokee Indians.

On November 5, 2013, DCFS sent a notice of custody proceedings for an Indian child to the Secretary of the Interior, the BIA, the Navajo Nation, two contacts for the Navajo Region, and the Ramah Navajo School Board, Inc. The notice contained the names and addresses of Mother, Father, and maternal grandmother. It did not contain any information regarding Gracie or James. Return receipts were received from the Secretary of the Interior, the BIA, the Navajo Region, the Ramah Navajo School Board, Inc., and the Navajo tribes.

On October 15, 2013, at the jurisdictional hearing, Mother and Father waived their rights to a court trial and pleaded no contest to the section 300 petition. The juvenile court found Levi to be a minor described by section 300, subdivision (b). At the dispositional hearing on December 10, 2013, the court declared Levi a dependent under section 300, subdivision (b) and removed him from the care of Mother and Father. The court determined that notice had been given to all appropriate parties, the ICWA did not apply, and the court had no reason to know that Levi was an Indian child as defined by

4

the ICWA.  On August 5, 2014, the court terminated parental rights of Mother and Father.  Mother and Father appealed.

## DISCUSSION

**Substantial evidence did not support the juvenile court's finding that proper notice was given under the ICWA**

Mother and Father contend that DCFS failed to comply with the inquiry and notice requirements of the ICWA because the notice did not include all available information regarding maternal relatives; the notice sent to the United Keetoowah Band was sent to the wrong designee; and DCFS failed to notice a federally recognized Navajo tribe.[3]  We agree.[4]

"Congress passed the ICWA in 1978 'to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children "in foster or adoptive homes which will reflect the unique values of Indian culture . . . ."'  [Citations.]"  (*In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1164.)  If the court "knows or has reason to know that an Indian child is involved" in a dependency proceeding, the social worker or probation officer shall provide notice to the child's tribe.  (§§ 224.2, subd. (a), 224.3, subd. (d).)

Pursuant to section 224.2, subdivision (a) "(3) Notice shall be sent to all tribes of which the child may be a member or eligible for membership, until the court makes a determination as to which tribe is the child's tribe in accordance with subdivision (d) of

---

[3] Father contends that even though he does not claim Indian heritage, he has standing to appeal because either parent of a child claiming Indian heritage has standing to challenge an order made in violation of the ICWA.  (*In re Riva M.* (1991) 235 Cal.App.3d 403, 411, fn. 6.)  DCFS does not contest Father's standing to appeal and therefore we do not address the issue of whether Father has standing.

[4] We follow the line of authority holding that issues regarding deficient notice given under the ICWA are not forfeited even though the parties did not raise the issues in the juvenile court.  (*In re Justin S*. (2007) 150 Cal.App.4th 1426, 1435.)  DCFS does not claim that the notice issues under the ICWA were forfeited by the parties' failure to raise them below.

5

Section 224.1, after which notice need only be sent to the tribe determined to be the Indian child's tribe. [¶] (4) Notice, to the extent required by federal law, shall be sent to the Secretary of the Interior's designated agent, the Sacramento Area Director, Bureau of Indian Affairs. If the identity or location of the parents, Indian custodians, or the minor's tribe is known, a copy of the notice shall also be sent directly to the Secretary of the Interior, unless the Secretary of the Interior has waived the notice in writing and the person responsible for giving notice under this section has filed proof of the waiver with the court." (§ 224.2, subd. (a)(3), (4).)

"If the court or the Department 'knows or has reason to know that an Indian child is involved, the social worker . . . is required to make further inquiry regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing the parents, Indian custodian, and extended family members . . . , contacting the Bureau of Indian Affairs . . . [,] the tribes and any other person that reasonably can be expected to have information regarding the child's membership status or eligibility.' (§ 224.3, subd. (c); see Cal. Rules of Court, rule 5.481(a)(4).) The circumstances that may provide reason to know the child is an Indian child include, but are not limited to, 'A person having an interest in the child, including the child, an officer of the court, a tribe, an Indian organization, a public or private agency, or a member of the child's extended family provides information suggesting the child is a member of a tribe or eligible for membership in a tribe or one or more of the child's biological parents, grandparents, or great-grandparents are or were a member of a tribe.' (§ 224.3, subd. (b)(1).)" (*In re Gabriel G.*, *supra*, 206 Cal.App.4th at pp. 1165–1166.)

The juvenile court's findings whether proper notice was given under the ICWA and whether the ICWA applies to the proceedings are reviewed for substantial evidence. (*In re E.W.* (2009) 170 Cal.App.4th 396, 403–404.)

### *Failure of the notice to contain information about Mother's family members*

Mother and Father contend, and DCFS concedes, that the notice failed to include available information regarding Mother's family members, namely Gracie and James.

6

"ICWA notice requirements are strictly construed" and must contain enough information to be meaningful. (*In re Francisco W.* (2006) 139 Cal.App.4th 695, 703; *id.* at pp. 700, 704 [DCFS did not comply with notice requirements where child family history section in ICWA notices were "largely left blank" and DCFS did not include "any background information" regarding paternal grandmother, even though father claimed Indian heritage and DCFS "easily could have contacted the paternal grandmother for additional pertinent information"].) "It is essential to provide the Indian tribe with all available information about the child's ancestors, especially the ones with the alleged Indian heritage. [Citation.]" (*Id.* at p. 703.) Notices must include "[a]ll names known of the Indian child's biological parents, grandparents, and great-grandparents, or Indian custodians, including maiden, married and former names or aliases, as well as their current and former addresses, birthdates, places of birth and death, tribal enrollment numbers, and any other identifying information, if known." (§ 224.2, subd. (a)(5)(C).)

DCFS failed to comply with the inquiry and notice requirements of the ICWA because the notices did not contain all available information regarding Mother's family members, namely Gracie and James. Further, the record does not show whether DCFS continued to attempt to contact Mary L. after leaving a message for her on July 23, 2013.

### *Incorrect tribal contact*

Mother and Father contend, and DCFS concedes, that DCFS sent a notice to the incorrect tribal agent designated for the United Keetoowah Band of Cherokee Indians, and the error was not harmless because there was nothing in the record to indicate that the tribe received actual notice. (*In re J.T.* (2007) 154 Cal.App.4th 986, 994.)

Section 224.2, subdivision (a)(2) provides that notice to the tribe shall be sent to the tribal chairperson, unless the tribe has designated another agent for service. "The BIA . . . 'periodically publishes a current list of designated tribal agents for service of notice, along with the appropriate mailing addresses, in the Federal Register.'" (*In re Mary G.* (2007) 151 Cal.App.4th 184, 210.) In May 2010, Sonya Cochran was one of two registered agents for service of notice to the United Keetoowah Band. (ICWA: Designated Tribal Agents for Service of Notice, 75 Fed.Reg. 28103, 28126 (May 19,

7

2010).)  In July 2013, Sonya Cochran was no longer the designated tribal agent for the United Keetoowah Band; instead the designated agent was Joyce Fourkiller-Hawk.  (*Id.*, 77 Fed.Reg. 45815, 45838 (Aug. 1, 2012).)  DCFS, however, incorrectly sent the notice to Sonya Cochran.  DCFS did not file a return receipt or letter from the United Keetoowah Band.

Accordingly, we conclude that upon remand the juvenile court must order DCFS to send a new notice to the designee listed on the current federal registry.

### *Failure to notify a Navajo tribe*

Mother and Father contend, and DCFS concedes, that DCFS failed to notice a federally recognized Navajo tribe.

DCFS noticed the Navajo Nation, one contact at the Navajo Region, and Ramah Navajo School Board, Inc.  But DCFS failed to send notice to a federally recognized Navajo tribe, the Colorado River Indian Tribe.  (ICWA:  Designated Tribal Agents for Service of Notice, 77 Fed.Reg. 45816, 45846 (Aug. 1, 2012).)

In sum, DCFS failed to comply with the inquiry and notice requirements of the ICWA because the notice did not contain all available information regarding maternal relatives, namely Grace and James, DCFS addressed its notice to the wrong tribal contact for one of the Cherokee tribes, and notice was not sent to a federally recognized Navajo tribe.  Therefore, we conditionally reverse the juvenile court's order terminating Mother's and Father's parental rights.  (*In re Gabriel G.*, *supra*, 206 Cal.App.4th at p. 1168 [limited reversal appropriate to ensure that ICWA requirements are met].)  If, after proper notice, the court finds that Levi is an Indian child, the court shall proceed in conformity with the ICWA.  If it is determined on remand that Levi is not an Indian child, the juvenile court shall reinstate its order terminating Mother's and Father's parental rights.

### DISPOSITION

The July 23, 2012 order terminating Father's and Mother's parental rights is conditionally reversed.  The matter is remanded to the juvenile court with the following directions:  Order DCFS to complete new notice forms after interviewing Mother and all known maternal relatives; order DCFS to send a new notice to Mother and Father, the

8

Bureau of Indian Affairs, the Secretary of the Interior, and all bands of the Cherokee and Navajo tribes to the designees listed in the current Federal Registry, including the Colorado River Indian Tribe; and hold a new Welfare and Institutions Code section 366.26 hearing at least 60 days after the tribes receive the new notices. If, after receiving proper notice, a tribe determines that Levi R. is an Indian child as defined by the ICWA, the court shall proceed in conformity with the provisions of the ICWA. If no tribe indicates that Levi R. is an Indian child within the meaning of the ICWA, the court shall reinstate the order terminating Mother's and Father's parental rights over him.

NOT TO BE PUBLISHED.


BENDIX, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.