59 Cal.Rptr.3d 376 (2007)
150 Cal.App.4th 1426
In re JUSTIN S., et al., Persons Coming Under the Juvenile Court Law.
Santa Clara County Department of Family and Children's Services, Plaintiff and Respondent,
v.
Sheika L., Defendant and Appellant.
No. H030732.
Court of Appeal of California, Sixth District.
May 21, 2007.
*377 Carol A. Koenig, under appointment by the Court of Appeal in Association with the Sixth District Appellate Program, Half Moon Bay, for Appellant.
*378 Ann Miller Ravel, County Counsel and Susan S. Ware, Deputy County Counsel, for Respondent.
ELIA, J.
Sheika L. appeals from an order of the juvenile court reinstating the termination of her parental rights to Justin S. and Tyler S. following a limited remand by this court to the juvenile court for compliance with the notice requirements of the Indian Child Welfare Act. She contends that she should have had notice of, and representation by counsel for, the limited remand hearing. She further contends that the noticed tribes were not given sufficient time to respond. We agree.

Background
On June 6, 2005, pursuant to Welfare and Institutions Code section 366.26, the juvenile court terminated appellant's parental rights to Justin S. and Tyler S.[1] Sheika L. appealed, contending that the notices given under the Indian Child Welfare Act (ICWA) gave insufficient information for the tribes to determine whether Justin and Tyler were Indian children.[2] (In re Justin S., et al, H029121.) Specifically, she argued that the notices failed to include the date of birth of the children's paternal grandmother, with whom they had been placed and from whom their Indian ancestry derived. On April 7, 2006, this court conditionally reversed the order terminating parental rights and remanded the matter to the juvenile court to address the ICWA notice defect.[3]
On May 16, 2006, the juvenile court held a section 366.3 post-permanency planning hearing.[4] Counsel for the children and counsel for the Department of Family and Children's Services (Department) were present, as was the children's paternal grandmother. Neither appellant nor her counsel was present. The juvenile court referred to this court's remand and said, "So the Court of Appeal did not suggest that we have a hearing involving whether or not to terminate parental rights again. It suggested that if they wanted to intervene then we would set another hearing and have to notice everybody on the case. And then but if not, if they don't want to intervene or don't have any cause for action, then the order terminating parental rights will be immediately reinstated. So it's really not up for discussion with all the parties. This is only an issue for the tribe."
*379 The remittitur was issued on June 7, 2006, transferring jurisdiction to the juvenile court. On June 14, 2006, the Department sent a Notice of Involuntary Custody Proceeding for Indian Child to the Cherokee tribes and the Bureau of Indian Affairs (BIA). This notice was also sent to appellant's last known address. The notice said that a section "366.3 post permanent plan review" hearing was set for June 29, 2006 and described a parent's rights under the ICWA.[5]
At the June 29, 2006, hearing, counsel for the children and counsel for the Department were present, as was the children's paternal step-grandfather. Counsel for the Department asked for a continuance to await responses from the tribes. Counsel said, "Once we have all the noticing proper, then the trial court can report to the Court of Appeal that the Indian requirements have been satisfied, then the Court of Appeal can finalize its decision on the termination of parental rights, then the adoption can go through." The juvenile court continued the matter to July 28, 2006.
On July 28, 2006, counsel for the children and counsel for the Department appeared, as did the children's paternal grandparents. Attached to a report prepared for the hearing were copies of certified mail receipts for the tribes and the BIA. One tribe had responded saying that Justin and Tyler were not Indian children. The response from the BIA said that "possible intervention will be determined by the federally recognized tribes." Counsel for the Department remarked that notices had been sent and that some responses had been received and said, "I'd like to prepare an order after the hearing of compliance with noticings. And we could file that notice after [the] hearing with the Court of Appeal. And hopefully, that will take care of the issues that the Court of Appeal is concerned with." The court made no finding on the ICWA issue at the hearing. The court told the grandparents that "once the Court of Appeal sees that we have corrected the record" the adoption would be completed.
In an "Order after Hearing" signed August 14, 2006, the court found that proper ICWA notice had been given and reinstated the order terminating parental rights. On October 6, 2006, this court received a letter from counsel for the Department, referencing the appellate case number from the first appeal, with a copy of the "Order after Hearing." The letter stated that the order "reflects the proceedings held before the Honorable Katherine Lucero in accordance with the Court of Appeal ruling." The letter said, "We believe that this rectifies any error and the order terminating parental rights is properly reinstated." The letter stated that "[a]ll parties to the appeal are served on this ruling" and had a notation indicating that a copy of the letter and the order had been sent to counsel that had represented appellant in the first appeal. On October 13, 2006, an attorney for the Sixth District Appellate Program (SDAP) filed a notice of appeal from the order reinstating the termination of parental rights.[6]

*380 Discussion
Appellant contends that upon the conditional reversal of the termination of parental rights and remand to comply with the provisions of the ICWA, "due process requires that the mother receive notice of the hearing and appointment of counsel upon remand." Appellant argues, "The juvenile court's determination that the hearing did not involve the parties, but only the tribes was erroneous and without authority." Respondent argues, "The limited reversal approach gives the juvenile court the opportunity to remedy the problem identified by the appellate court.... The juvenile court treated the problem as one that was `not up for discussion with all parties' but involved the tribes only. The mother already had the process due her in the previous proceedings."
The fundamental problem here is that the juvenile court and counsel for the Department proceeded as if this court had retained jurisdiction over the ICWA notice issue. Counsel for the Department said that once notice was completed, "the trial court can report to the Court of Appeal that the Indian requirements have been satisfied, then the Court of Appeal can finalize its decision on the termination of parental rights, then the adoption can go through." The juvenile court reassured the grandparents that "once the Court of Appeal sees that we have corrected the record" the adoption would be completed. Referencing the case number in the already-final appeal, counsel for the Department, with the assent of the juvenile court, sent the letter and a copy of the Order after Hearing to this court. Although appellant was no longer represented by appellate counsel, it was to appellate counsel that counsel for the Department sent a copy of the "Order after Hearing."
There are several cases that have concluded that an agency's failure in the juvenile court to show compliance with the ICWA notice requirements may be cured by making the necessary showing in the appellate court. (See Alicia B. v. Superior Court (2004) 116 Cal.App.4th 856, 866-867, 11 Cal.Rptr.3d 1.) However, in this case, by the time of the efforts to cure the notice defect, the appeal had concluded with the limited remand, and the remittitur had issued, returning jurisdiction to the juvenile court. Although appellant was sent a copy of the ICWA notice documents, the notice did not indicate that a hearing on the ICWA notice issue was scheduled. The notice she was sent was for a post-permanency planning hearing. By then, appellant was no longer represented by trial counsel and had no right to be present at that type of hearing. (See § 366.3, subd. (a).)
In re Francisco W. (2006) 139 Cal. App.4th 695, 43 Cal.Rptr.3d 171, recognized that the practice of limited reversals in ICWA cases was "prevalent among the Courts of Appeal in this state. (See, e.g., In re Marinna J. (2001) 90 Cal.App.4th 731[, 109 Cal.Rptr.2d 267] ... [3d Dist.]; In re Samuel P. (2002) 99 Cal.App.4th 1259[, 121 Cal.Rptr.2d 820] ... [6th Dist.]; In re Suzanna L. (2002) 104 Cal.App.4th 223[, 127 Cal.Rptr.2d 860] ... [4th Dist., Div. 2]; In re H.A. (2002) 103 Cal.App.4th 1206[, 128 Cal.Rptr.2d 12] ... [5th Dist.]; In re Glorianna K. (2005) 125 Cal.App.4th 1443[, 24 Cal.Rptr.3d 582] ... [2d Dist.].)" (Id. at p. 705, 43 Cal.Rptr.3d 171.) The Francisco W. court said that the practice of conditional reversals in cases in which ICWA notice was defective "is legally authorized, *381 consistent with the best interests of children, and in keeping with fundamental principles of appellate practice." (Id. at p. 704, 43 Cal.Rptr.3d 171.) The court found that the conditional reversal approach in these cases does not infringe upon due process rights and does not prevent the juvenile court from considering changes in the children's circumstances concerning their adoptability.[7] (Ibid.) The court said, "This approach allows the juvenile court to regain jurisdiction over the dependent child and determine the one remaining issue. The parties already have litigated all other issues at the section 366.26 hearing, and it is not necessary to have a complete retrial. Thus, the child is afforded the protection of the juvenile court, and, at the same time, his or her case is processed to cure the ICWA error, which is more expeditious than a full rehearing of all section 366.26 issues." (Id. at p. 705, 43 Cal.Rptr.3d 171.)
Although it appears to this court that the failure to comply with ICWA notice requirements may result in more reversals in dependency cases than any other reason, perhaps more than all other reasons combined, there are few cases describing how the juvenile courts have conducted the proceedings on these limited remands. In In re Glorianna K, supra, 125 Cal. App.4th 1443, 24 Cal.Rptr.3d 582, the Court of Appeal reversed a termination order and remanded to the juvenile court for ICWA compliance. In the juvenile court, there was some attempt to gather information from family members for the notices, which were then sent to the tribes. Although the record did not contain confirmation that the BIA and certain tribes had received the notices sent to them, the juvenile court again found that notice had been given and reinstated the termination order. On the second appeal, respondent asked the appellate court to take the additional evidence that had been proffered to the juvenile court establishing that notice had been accomplished. The appellant-mother contended that the evidence had been proffered to the juvenile court in an ex parte proceeding at which she was not present to object. Appellant objected to the Court of Appeal receiving this evidence on the basis that it was not authenticated.
The Glorianna K. court noted, "Because the minute orders identify only the attorneys for the de facto parent and the County Counsel as being present [at the remand proceedings], we must conclude neither appellant nor her counsel was present. Nor is there any indication in the minute order that appellant or her counsel was given notice of these hearings." (Glorianna K, supra, 125 Cal. App.4th at p. 1450, 24 Cal.Rptr.3d 582.) The court noted, "that neither appellant nor her counsel was in attendance on either date to test the authenticity of the evidence" that respondent had asked the appellate court to consider. (Id. at p. 1451, 24 Cal.Rptr.3d 582.) Observing that *382 "[t]he trial court is in the best position to determine these issues" the court concluded that a second remand was necessary for the juvenile court to address them. (Ibid.)
In re X.V. (2005) 132 Cal.App.4th 794, 33 Cal.Rptr.3d 893, was another case involving limited remand for ICWA compliance. Following the remand, the juvenile court held a special hearing on the ICWA notice issues. The parents did not attend, but they were each represented by counsel who appeared. During the hearing, no one raised any objections to the ICWA notices. A second appeal based on ICWA notice irregularities followed. The X.V. court said, "In balancing the interests of Indian children and tribes under the ICWA, and the interests of dependent children to permanency and stability, we conclude the parents have forfeited a second appeal of ICWA notice issues." (Id, at p. 804, 33 Cal.Rptr.3d 893, italics in original.) The court affirmed the termination of parental rights. Whether or not we agree with X.V., it is clear that when the juvenile court conducted the ICWA compliance hearing, the parents were represented by counsel, who, presumably, had received notice of the remand proceedings.
Respondent argues, "On remand, the juvenile court may only do what the remittitur directs. (In re Terrance B., [2006] 144 Cal.App.4th 965, 972[, 50 Cal.Rptr.3d 815]) The April 7 decision contained no direction to reappoint counsel." It is true that the dispositional language used did not specifically direct the juvenile court to notify appellant of the proceedings on remand and to appoint counsel.[8] But it did not direct anyone to send further evidence of ICWA notice compliance to this court, either.
"When a judgment is reversed with directions, the appellate court's order is contained in its remittitur, which revests the jurisdiction of the subject matter in the lower court[.]" (In re Francisco W., supra, 139 Cal.App.4th at pp. 704-705, 43 Cal.Rptr.3d 171.) When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and must be followed. (Hampton v. Superior Court (1952) 38 Cal.2d 652, 655-656, 242 P.2d 1; In re Candace P. (1994) 24 Cal.App.4th 1128, 1131, 30 Cal.Rptr.2d 1.) Where the directions to the trial court are ambiguous, they are interpreted in accordance with the views, reasoning, and holdings expressed in the opinion as a whole. (Lesny Development Co. v. Kendall (1985) 164 Cal. App.3d 1010, 1021, 210 Cal.Rptr. 890.) To the extent that the dispositional language used in our remittitur did not expressly state that appellant, as the prevailing party on the only issue in the appeal, was to be included in proceedings on remand to remedy the error, the opinion as a whole compels that interpretation.
As explained in our first opinion, "`The ICWA is designed to protect the interests of Indian children, and to promote the stability and security of Indian tribes and families.' ... (In re Elizabeth W. (2004) 120 Cal.App.4th 900, 906[, 16 Cal.Rptr.3d 514].)" As explained in In re Marinna J., cited in our first opinion, if there is a deficiency in ICWA notice, "it is *383 unlikely that those tribes had notice of the dependency proceeding, and thus virtually certain that they were unable to assert their rights under the Act." (Marinna J., supra, 90 Cal.App.4th at p. 739, 109 Cal. Rptr.2d 267.) As this court has held, "The notice requirements serve the interests of the Indian tribes `irrespective of the position of the parents' and cannot be waived by the parent." (In re Samuel P. (2002) 99 Cal.App.4th 1259, 1267, 121 Cal.Rptr.2d 820.) A parent in a dependency proceeding is permitted to raise ICWA notice issues not only in the juvenile court, but also on appeal even where, as here, no mention was made of the issue in the juvenile court. The trial court's view that the notice issue was "really not up for discussion with all the parties" and was "only an issue for the tribe" is inconsistent with this well-established body of law.
A parent is permitted to litigate the ICWA notice issue to protect the tribe's interest in the proceedings and because it is in the best interest of the child that is the subject of the dependency. For these same reasons, a parent in a dependency appeal for insufficient ICWA notice must not be left out of the continued litigation of the notice issue upon a limited remand to ensure compliance with the ICWA. This conclusion is not only consistent with our purpose in protecting the interest of the tribes, it is consistent with the best interests of Justin and Tyler as well. Participation by appellant in the remand proceedings should help ensure that noticing is properly done. This is crucial to establishing permanence for Justin and Tyler because a tribe "may petition the court to set aside a parental termination action upon a showing that the provisions of the ICWA that are designed to protect parents and Indian children have been violated. [25 U.S.C] § 1914." (Mississippi Band of Choctaw Indians v. Holyfield (1989) 490 U.S. 30, 57-58, 109 S.Ct. 1597, 104 L.Ed.2d 29, see also Rules of Court, rule 5.664(n); In re Desiree F. (2000) 83 Cal.App.4th 460, 99 Cal.Rptr.2d 688.)
The purpose of our limited remand for compliance with the ICWA noticing provisions was to realize the purposes of the ICWA to protect the rights of Indian tribes and their youngest potential members. In furtherance of this purpose, the appellant-parent must be given the opportunity to participate in the proceedings on remand. This participation would be of limited benefit without the assistance of counsel.[9] We are well aware that trial counsel for a parent in dependency proceedings rarely brings ICWA notice deficiencies to the attention of the juvenile court. That job, it seems, is routinely left to appellate counsel for the parent. However, given the importance to a child's well-being in achieving permanence as soon as possible, we must implore counsel for the Department, and certainly counsel for the minor, to make more robust efforts, early on in dependency proceedings, to insist on adherence to Rules of Court rule 5.664 (formerly rule 1439) and sections 224.2 and 224.3.
Appellant contends, "The provisions of the Indian Child Welfare Act still have not been complied with in that sufficient time was not allowed for the tribes to respond prior to the court's finding that the ICWA did not apply." Section 224.3, subdivision (e)(3) (formerly Cal. Rules of Court, rule 1439(f)(6)) provides: "If proper and adequate notice has been provided pursuant to Section 224.2, and neither a tribe nor the Bureau of Indian Affairs has provided a determinative response within 60 days after receiving that notice, the *384 court may determine that the Indian Child Welfare Act (25 U.S.C. Sec. 1901 et seq.) does not apply to the proceedings, provided that the court shall reverse its determination of the inapplicability of the Indian Child Welfare Act and apply the act prospectively if a tribe or the Bureau of Indian Affairs subsequently confirms that the child is an Indian child."[10]
The last hearing in this case was July 28, 2006. The order after the hearing was signed and filed August 14, 2006. At the time of the hearing, responses had not been received from the Eastern Band of Cherokee or the Cherokee Nation. Appellant argues, "The notice period was inadequate for the court to render a finding on July 28, 2006, that notice had been provided under the Indian Child Welfare Act. If the Order After Hearing is memorializing that hearing, not only was no finding made concerning ICWA at that hearing, but the hearing was held too soon to allow the ICWA finding to be made. If it is argued that the Order After Hearing signed on August 14, 2006 was a timely order, the signing of the Order on August 14, 2006, did not constitute a hearing on the issue, as ordered by the Court of Appeal." Respondent argues that "the court's official finding that notice was proper was made 60 days after the notices were sent. This timeline complies with the rule, which does not require the juvenile court to make its determination whether the Act applies at a hearing at which parties appear."
We consider the 60-day waiting period in section 224.3, subdivision (e)(3), in light of section 224.2, which provides that "[p]roof of the notice, including copies of notices sent and all return receipts and responses received, shall be filed with the court in advance of the hearing...." (Subd. (c); italics added.) This language certainly suggests that the court should make the ICWA finding at or after a hearing that is held 60 days after the notices have been sent. We recognize that it may be highly unlikely that, after the July 28, 2006, hearing, any tribe responded to the notices by saying that Justin and Tyler are eligible for membership. Nevertheless for the reasons stated above, appellant must be permitted to litigate her challenge to the notice. This she could not do without notice and representation at the remand hearing to determine ICWA compliance.

Disposition
The order terminating appellant's parental rights is conditionally reversed, and the matter is remanded to the juvenile court with directions to promptly hold a hearing, at which appellant is represented by counsel, to determine whether the ICWA applies, based on any further responses received from the noticed tribes. If no tribe has responded indicating that Justin and Tyler are Indian children, or the responses received indicate that the children are not Indian children within the meaning of the ICWA, the order terminating parental rights shall be immediately reinstated. If any noticed tribe has determined that the children are Indian children within the meaning of the ICWA, the juvenile court shall conduct further proceedings applying the appropriate provisions of the ICWA, the Welfare and Institutions Code, and the California Rules of Court.
RUSHING, P.J., and PREMO, J., concur.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] This court has taken judicial notice of the record in In re Justin S., et al., H029121.
[3] This court said, "The order terminating parental rights is conditionally reversed, and the matter is remanded to the juvenile court with directions that the Department of Family and Children's Services provide proper notice to all three Cherokee tribes and the Bureau of Indian Affairs. The Department is directed to file proof of receipt of such notice by the tribes and the Bureau of Indian Affairs, along with a copy of the notice and any responses. If, after receiving notice as required by the ICWA, no response indicates that Justin and Tyler are Indian children, or the responses received indicate that they are not Indian children within the meaning of the ICWA, the order terminating parental rights shall be immediately reinstated. If any tribe determines that Justin and Tyler are Indian children within the meaning of the ICWA, the juvenile court shall conduct further' proceedings applying the provisions of the ICWA, Welfare and Institutions Code section 360.6, and rule 1439 of the California Rules of Court." (In re Justin S., p. 8.)
[4] Although the first appeal was taken from orders issued by the Honorable Leonard Edwards, the section 366.3 hearings were before the Honorable Katherine Lucero, who issued the order challenged in this appeal.
[5] The notice said "the biological or adoptive parents, any Indian custodian, and the child's tribe have the right to be present at all hearings.... [¶] If the parents or custodians have a right to be represented by a lawyer and if they cannot afford to hire one, a lawyer will be appointed for them.... [¶] The proceedings could lead to the removal of the child from the custody of the parent or Indian custodian and possible adoption of the child."
[6] On October, 18, 2006, three days after the notice of appeal had been filed, this court appointed SDAP to represent appellant in this appeal. On March 16, 2007, this court granted appellant 15 days to file an amended notice of appeal demonstrating that this appeal had been filed with appellant's consent. On March 29, 2007, this court augmented the record to include a notice of appeal signed by appellant.
[7] Similar limited remand procedures are employed in other states as well. In In re R.E.K.F. 698 N.W.2d 147, 150-151 (Iowa, 2005) the court noted that "the proper procedure, at least when there is no other evidence the child is an Indian child, is to affirm the termination on the condition that the proper notification be provided.... See, e.g., In re Kahlen W., 233 Cal.App.3d 1414, 285 Cal. Rptr. 507 ... (1991); In re Junious M., 144 Cal.App.3d 786[, 193 Cal.Rptr. 40] ... (1983); In re D.S., 577 N.E.2d 572, 575 (Ind.1991); In re I.E.M., 233 Mich.App. 438, 592 N.W.2d 751, 757-58 (1999); J.L.M., 451 N.W.2d at 386-87; In re C.H., 510 N.W.2d 119, 124 (S.D.1993); M.C.P., 571 A.2d at 635; In re M.S.S., 86 Wash.App. 127, 936 P.2d 36, 41-42 (1997); see also In re Arianna R.G., 259 Wis.2d 563, 657 N.W.2d 363, 374 (2003) (Abrahamso
n, C.J., dissenting); accord In re Elizabeth W., 120 Cal.App.4th 900[, 16 Cal. Rptr.3d 514] ... (2004) (`conditional reversal')."
[8] The wording of our disposition was essentially the same as that in Francisco W. as well as the other cases cited therein as examples of ICWA notice limited remands. In Terrance B., cited by respondent, the appellant-mother was represented by counsel at the limited remand hearing held pursuant to the same dispositional language used here. The appellate court determined that the appellant mother could not file a section 388 petition for modification on the limited remand.
[9] Because the order terminating parent rights had been conditionally reversed, appointment of counsel would have been authorized by section 317.
[10] Rule 1439 provided: "If, after a reasonable time following the sending of notice under this rule-but in no event less than 60 days-no determinative response to the notice is received, the court may determine that [ICWA] does not apply to the case unless further evidence of the applicability of [ICWA] is later received."