Filed 2/24/14  In re Carla H. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re CARLA H., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | G048744 |
|     Plaintiff and Respondent, | (Super. Ct. No. DP023244) |
|          v. | O P I N I O N |
| JEFFREY H., | |
|     Defendant and Appellant. | |

Appeal from orders of the Superior Court of Orange County, Deborah C. Servino, Judge.  Dismissed as moot.  Motion to take additional evidence. Granted.  Motion to augment record on appeal.  Granted.  Motion to dismiss.  Granted.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel, and Karen L. Christensen, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

\*          \*          \*

Initially, notice to the relevant Native American tribes was not provided in this case under the dictates of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.), and the child's father appeals from the orders entered at the selection and implementation hearing on that ground. After this appeal was filed, however, the Orange County Social Services Agency (SSA) reinitiated the process of providing ICWA notice. The relevant Native American tribes have now advised SSA that the child involved in this dependency proceeding is not an Indian child for purposes of ICWA. The juvenile court's finding that ICWA does not apply in this case is supported by substantial evidence. The appeal must be dismissed as moot.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Carla H., then six years old, was taken into protective custody after she was found with her parents in a park. The family had been living on the streets, in various hotels, and in a tent along a freeway. Carla was placed with a foster family. At the first jurisdictional hearing, Carla's father, Jeffrey H. (father), stated on the parental notification of Indian status form that "[o]ne or more of my parents, grandparents, or other lineal ancestors is or was a member of a federally recognized tribe." Father stated that the tribe with which his family was affiliated was the Cherokee, and he provided the juvenile court with his mother's name and birthdate.

The court inquired of father as follows:

"The Court: Mr. H[.], it says here that you believe that you maybe have some Cherokee Native American heritage. Is that correct?

"The father: Yes, I do.

"The Court: And you believe that that's from your mother?

"The father: Yes.

"The Court: Okay. And do you know if she was a member on the rol[l]s of any tribes?

2

"The father: I believe so. I'm not a hundred percent positive, but, yeah.

"The Court: Do you know which one?

"The father: Cherokee tribe. It's back in Wisconsin[.]

"The Court: And you provided her name and date of birth, I see. Is there anybody else that may have some information on that, your Native American heritage?

"The father: Yeah, my father. I will have to contact him also.

"The Court: Okay. And what is his first name?

"The father: William H[.]

"The Court: Do you have contact information for him?

"The father: Not offhand.

"The mother: I'll have to get it for him.

"The Court: All right, the court is going to find that ICWA may apply and orders the agency to make further inquiry and investigation."

ICWA notices were sent by SSA to the Secretary of the Interior, the Sacramento Area Director of the Bureau of Indian Affairs (BIA), the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians. The names and birthdates of father's parents and grandparents were not included in the notices, however; the boxes where this information should have been placed were marked "Unknown." Regarding the ICWA notices, SSA's addendum report incorrectly stated: "At Court on December 12, 2012, the child's father . . . claimed Cherokee Indian ancestry in his family of origin. The only information that the child's father provided to Court in regards to his American Indian ancestry was his father's name. No further information provided. [¶] . . . [¶] SSA has spoken to the child's family in regards to ICWA. SSA has been provided with all information that the family was able to or willing to provide at this time."

On January 3, 2013, the United Keetoowah Band of Cherokee Indians in Oklahoma advised SSA that a search of the tribe's enrollment records did not uncover

3

evidence that Carla was a descendant of anyone on the tribal roll. The tribe therefore declined to intervene in the case.

All of the parties signed a stipulation on January 23, 2013, which read, in relevant part: "ICWA documentation has been filed with the court. Notice of hearing was given to the BIA and all appropriate tribe(s) in accordance with ICWA." The court adopted that finding on the record. On January 30, the court sustained the allegations of an amended juvenile dependency petition.

On March 6, 2013, SSA submitted to the juvenile court a letter it had received from the Eastern Band of Cherokee Indians, stating that Carla was not considered an Indian child. The letter noted: "This determination is based on the information exactly as provided by you. Any incorrect or omitted family documentation could invalidate this determination."

At the disposition hearing, the court declared Carla to be a dependent child of the juvenile court, and denied reunification services to both Carla's mother and father, pursuant to Welfare and Institutions Code section 361.5.

At the Welfare and Institutions Code section 366.26 hearing in July 2013, the juvenile court found that ICWA did not apply, Carla was likely to be adopted, and no statutory exception to the termination of parental rights existed; the court therefore terminated the parental rights of both Carla's mother and father. Father filed a timely notice of appeal.

In October 2013 (after father's opening brief was filed), SSA reinitiated the process of providing ICWA notice. SSA sent new ICWA notices to the BIA, the Secretary of the Interior, the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians in Oklahoma, with the correct information regarding Carla's paternal grandmother's name, and the dates and places of her birth and death. Each of the tribes responded to SSA that Carla was not eligible for membership, and advised SSA that it would not intervene in the

4

dependency proceedings. At a progress review hearing in December 2013, based on the tribes' responses, the juvenile court found that ICWA did not apply, and adopted SSA's recommendation that all prior orders (including the order terminating parental rights) remain in full force and effect.[1] The juvenile court scheduled a further periodic review hearing.

## DISCUSSION

Father argues, and SSA concedes, that, initially, proper ICWA notice was not given. If the juvenile court "knows or has reason to know that an Indian child is involved" in a dependency proceeding, notice of the proceedings and the right to intervene must be given to the appropriate tribe or tribes or federal agency. (25 U.S.C. § 1912(a).) The juvenile court and SSA have an "affirmative and continuing duty to inquire whether a child is or may be an Indian child" in all proceedings under Welfare and Institutions Code section 300. (Cal. Rules of Court, rule 5.481(a).) "To satisfy the notice provisions of [ICWA] and to provide a proper record for the juvenile court and appellate courts, [the social services agency] should follow a two-step procedure. First, it should identify any possible tribal affiliations and send proper notice to those entities, return receipt requested. [Citation.] Second, [the social services agency] should provide to the juvenile court a copy of the notice sent and the return receipt, as well as any correspondence received from the Indian entity relevant to the minor's status. If the identity or location of the tribe cannot be determined, the same procedure should be used with respect to the notice to BIA." (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 739, fn. 4.)

---

[1] SSA filed a motion to dismiss the appeal as moot; SSA also filed a motion to take additional evidence and to augment the record on appeal, attaching the documents relating to the new ICWA notices, the tribes' responses, SSA's interim review reports, and the juvenile court's minute orders in which it found ICWA did not apply. Father did not oppose SSA's motions. We grant the motion to dismiss the appeal, and the motion to take additional evidence and to augment the record on appeal.

The name and birthdate of Carla's paternal grandmother were provided to the juvenile court, as was Carla's paternal grandfather's full name. None of that information, however, was provided on the initial ICWA notices. The initial ICWA notices were therefore deficient. (*In re Mary G.* (2007) 151 Cal.App.4th 184, 209.) Reversal would be required. (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1429.)

However, SSA rectified its initial error when it sent the new ICWA notices in October 2013. By failing to oppose SSA's motion to dismiss the appeal as moot, father concedes the new ICWA notices were proper and the juvenile court's finding that ICWA does not apply in this case (made at the December 2013 progress review hearing) was supported by substantial evidence. We conclude the appeal, which was based solely on SSA's earlier failure to comply with ICWA, must be dismissed, as the requirements of ICWA have now been fulfilled.

DISPOSITION

The appeal is dismissed as moot.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

6