Filed 8/18/15  In re Heaven G. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re HEAVEN G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B260160 (Super. Ct. No. 1435841) (Santa Barbara County) |
| CHILD PROTECTIVE SERVICES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ERNEST G.,<br><br>    Defendant and Appellant. | |

Ernest G., the biological father of Heaven G., appeals from an order terminating his parental rights.  (Welf. & Inst. Code, § 366.26.)[1]  Appellant contends that Santa Barbara County Child Welfare Services failed to comply with the notice provisions of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq) and the California ICWA related statutes (§ 224 et seq.).  We conclude that proper notice was not provided and conditionally reverse for the limited purpose of complying with the notice provisions of ICWA.  (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1437-1438; *In re Francisco W.* (2006) 139 Cal.App.4th 695, 711.)

---

[1] All statutory references are to the Welfare & Institutions Code unless otherwise stated.

*Procedural History*

On September 19, 2013, Santa Barbara County Child Welfare Services (CWS) detained two-year-old Heaven after the child's mother, Rosa G., was arrested at home where drugs were being used. Mother was under the influence of methamphetamine. Heaven was wet and filthy, and toddling about the room with access to the drugs. A male subject was in the room and had a heroin needle in his arm.

CWS filed an amended petition for failure to protect (§ 300, subd. (b)) and no provision for support (§ 300, subd. (g)). The petition alleged that mother suffered from substance abuse and had a lengthy criminal history for inflicting corporal injury on a spouse, battery, burglary theft, providing a false ID to an officer, and making criminal threats. The petition stated that appellant had a lengthy criminal history, was in the Santa Barbara County Jail awaiting transport to state prison, and had left Heaven with no provision for her care and support.

Before the detention hearing, mother told CWS "[t]here is a little bit of Indian" in her family. Appellant declared that he had no Indian heritage.

At the October 17, 2013 jurisdiction hearing, mother filed a Parental Notification of Indian Status form (ICWA-020) that she was or may be a member or eligible for membership in the Shoshone tribe. The trial court sustained the petition, found that Heaven may be an Indian child, and ordered reunification services for mother but not appellant.

When CWS inquired about mother's Indian heritage, mother referred the case worker to the maternal grandmother (Maria C.). The maternal grandmother believed that her last name came from a Shoshone tribe and that her family had Indian heritage. The maternal grandmother provided the names, partial birthdates, and birthplaces of the maternal grandmother and grandfather, the maternal great-grandmother and great-grandfather, and the maternal great-great-grandparents.

CWS, however, failed to list the information in the ICWA notice which was mailed to the Bureau of Indian Affairs and the Shoshone tribes. (§ 224.2, subd. (a)(3)-(4).) Nineteen Shoshone tribes responded that Heaven was not an Indian child.

One tribe, the Winnemucca Tribe, refused to respond. On March 10, 2014, the trial court found that ICWA did not apply.

At the six month review hearing, CWS reported that mother was using drugs and had not followed through on her substance abuse treatment. The trial court terminated reunification services and, following a contested section 366.26 hearing, found that Heaven was adoptable and terminated parental rights.

*ICWA Notice*

ICWA requires that proper notice be given to Indian tribes so the tribes can identify Indian children from tribal records and participate in a dependency proceeding.[2] (*In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) The ICWA notice requirements serve the interests of the Indian tribes irrespective of the position of the parents and may not be waived by a parent. (*In re Justin S., supra,* 150 Cal.App.4th at p. 1435.)

By federal regulation (25 C.F.R. § 23.11(d)(3)) the ICWA notice must include, if known, (1) the name, birthplace, and birth date of the Indian child; (2) the name of the tribe in which the Indian child is enrolled or may be eligible for enrollment; (3) names and addresses of the child's parents, grandparents, great-grandparents and other identifying information; and (4) a copy of the dependency petition. (*In re Karla C.* (2003) 113 Cal.App.4th 166, 175; *In re D.T.* (2003) 113 Cal.App.4th 1449, 1454.) CWS is statutorily required to follow the ICWA inquiry and notice requirements. (See §§ 224-224.3; Cal. Rules of Court, rules 5.481 & 5.482; *In re W.B.* (2012) 55 Cal.4th 30, 52-53.)

Before serving the ICWA notice, CWS contacted the mother, the paternal aunt, and the maternal grandmother and reported the following information in an ICWA Matrix: The paternal aunt thought there might be Indian heritage on the child's maternal side but was uncertain. The maternal grandmother believed her family had Shoshone

---

[2] "For purposes of ICWA, an 'Indian child' is one who is either a 'member of an Indian tribe' or is 'eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).)" (*In re K.M., supra,* 172 Cal.App.4th at p. 118.)

Indian heritage and provided her full name, date of birth and birthplace, and the names of the maternal grandfather, great-grandfather, great-grandmother, and great-great-grandparents with some information about dates of birth and birthplaces. None of the information, not even the maternal grandmother's name, was listed in the ICWA notice.

" 'One of the primary purposes of giving notice to the tribe is to enable the tribe to determine whether the child involved in the proceedings is an Indian child. [Citation.]' [Citation.] Notice is meaningless if no information is provided to assist the tribes and the BIA in making this determination." (*In re D.T., supra,* 113 Cal.App.4th at p. 1455; see e.g., *In re S.M.* (2004) 118 Cal.App.4th 1108, 1116 [ICWA notice omitted known information about child's grandmother or great-grandmother].)

CWS argues that it is unlikely that Heaven has Indian heritage because the maternal grandmother and maternal great-grandparents were born in Mexico. Federally recognized Shoshone tribes are located in California, Wyoming, Nevada and Idaho but not central Mexico. The argument fails because "[t]he Indian status of a child need not be certain or conclusive to trigger the ICWA's notice requirements. [Citations.]" (*In re D.T., supra,* 113 Cal.App.4th at p. 1454; see *In re Merrick V.* (2004) 122 Cal.App.4th 235, 246 ["juvenile court needs only a suggestion of Indian ancestry to trigger the notice requirement"]; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1411 [defective ICWA notice "usually prejudicial"].) The trial court found that Heaven may be an Indian child and ordered that ICWA notice be given. We conclude that the notice provided was insufficient and reverse with directions to correct the notice defect. (*In re Francisco, supra,* 139 Cal.App.4th at pp. 703-705 [limited reversal].)

4

*Disposition*

The order terminating parental rights is conditionally reversed and the matter is remanded with directions to file and serve an amended ICWA notice.[3] If no tribe declares Heaven to be an Indian child or if no timely response is received, the trial court shall reinstate the judgment terminating parental rights. If, however, after proper inquiry and notice, a tribe determines that Heaven is an Indian child as defined by ICWA, the trial court shall proceed in compliance with ICWA and the Welfare and Institutions Code. (*In re Justin S., supra,* 150 Cal.App.4th at pp. 1437-1438; *In re Francisco W., supra,* 139 Cal.App.4th at p. 711.)

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

---

[3] Appellant argues that CWS failed to give ICWA notice to the Summit Lake Paiute Tribe. The tribe is not a Shoshone tribe. (See Federally-Recognized Tribes, ICWA Contacts for Noticing Purposes (March 2014) http://www.childsworld.ca.gov/res/pdf/CDSSTribes.pdf).

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____


Lelah S. Fisher, under appointment by the Court of Appeal, for Appellant.


Michael C. Ghizzoni, County Counsel, County of Santa Barbara and Toni Lorien, Deputy, for Respondent.