Filed 4/5/23  In re A.L. CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| In re A.L., a Person Coming Under the Juvenile Court Law. | C097011 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>B.E.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD241502) |

Appellant B.E. (mother), mother of the minor, A.L. (the minor), appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.

1

(Welf. & Inst. Code, §§ 366.26, 395.)[1] Mother's sole contention on appeal is that the juvenile court and the Sacramento County Department of Child, Family and Adult Services (the Department) failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA) because the Department did not contact extended family members to inquire about the ICWA. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department concedes the ICWA error and the need for a limited remand for further ICWA compliance but suggests conditional affirmance, rather than conditional reversal. Although mother opposes this remedy, we agree that conditional affirmance of the orders is warranted, subject to further ICWA compliance.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of the dependency are not at issue, and we do not recite them. We limit our recitation of the background to those facts relevant to the ICWA inquiry and noticing requirements.

Mother and father E.L. (father) (collectively, the parents) have one minor child together, A.L. On August 20, 2021, the minor was taken into protective custody following a report regarding the parents' substance abuse and mental health issues. On August 20, 2021, the Department filed a petition alleging that the minor (then age two months), came within the provision of section 300, subdivision (b)(1), failure to protect. During the Department's investigation of the referral, mother denied having any Native American ancestry. On the Indian Child Inquiry Attachment (Judicial Council Forms, form ICWA-010(A)) attached to the petition, the Department indicated the minor had no known Native American ancestry.

At the August 31, 2021, initial detention hearing, mother was absent, but father was present and informed the court that he had no Native American ancestry. Father also

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

provided a Parental Notification of Indian Status form (Judicial Council Forms, form ICWA-020), stating he had no Native American ancestry. The juvenile court found there was no information that the ICWA applied, but the Department was ordered to continue to make further inquiry.

The Department's September 28, 2021, jurisdiction and disposition report stated that the social worker was unable to obtain information about maternal relatives because mother had not responded to the social worker's calls. At the September 28, 2021, combined jurisdiction and disposition hearing, mother was again not present. The juvenile court found the ICWA did not apply.

On April 5, 2022, the juvenile court terminated reunification services as to the parents and set a selection and implementation hearing pursuant to section 366.26. The first section 366.26 hearing on August 2, 2022, was continued for additional information regarding the applicability of the ICWA. In an ICWA compliance report dated August 23, 2022, the Department reported that the paternal aunt indicated on August 11, 2022, there may be some Native American ancestry in past generations, but she had no information about a specific tribe. The paternal grandmother provided information regarding the family's names and statistical data. It was also reported that the paternal aunt and paternal grandmother had denied any Native American ancestry earlier in the case on August 19, 2021. The social worker wrote that she had been unable to reach mother or the maternal family to make further inquiry.

On August 23, 2022, the section 366.26 hearing was again continued when county counsel informed the juvenile court that the Department was going to try and ask paternal relatives if they had any contact information for maternal relatives. The Department filed an additional report regarding ICWA compliance, and the social worker reported that she contacted two additional paternal relatives who said they had no information about the maternal family. On September 6, 2022, the juvenile court continued the section 366.26 hearing because the social worker reported she had contact with the maternal

grandmother, who said mother was currently hospitalized due to a car accident. The juvenile court found that the ICWA did not apply.

At the final contested section 366.26 hearing on September 20, 2022, mother made her first appearance in court. The juvenile court found the minor adoptable, determined no statutory exceptions to adoption were applicable, and terminated the parents' parental rights. The court also entered a finding that the ICWA did not apply.

Mother filed a timely notice of appeal.

DISCUSSION

Mother contends that the Department and the juvenile court failed to comply with their initial duty of inquiry under section 224.2, subdivision (b). The Department concedes that remand for further ICWA compliance is warranted.

As this court recently explained: " 'The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect "Indian children who are members of or are eligible for membership in an Indian tribe." [Citation.]' (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be

4

an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Mother cites section 224.2, subdivision (b), which imposes a more extensive duty to inquire about Indian ancestry if a child is placed in the temporary custody of a welfare department (§ 306) or probation department (§ 307): "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child . . . ." (§ 224.2, subd. (b).)

In this case, the Department does not dispute mother's claim that the record demonstrates there were times when mother did communicate with the Department and the Department had the opportunity to inquire about her ancestry and contact information for maternal relatives, but she was not asked about such ancestry or contact information during those conversations. Near the time of the jurisdiction and disposition hearing, mother and a social worker discussed mother's case plan requirements. Mother spoke with a social worker again for the six-month review hearing report and discussed mother's compliance with the court-ordered case plan. Indeed, the record shows that the

5

Department had access to contact information for the maternal grandmother, who made the initial referral and requested a welfare check on mother.

We agree with the parties that the Department was required to make additional efforts to inquire about possible Native American ancestry from the parents' known relatives and that remand is necessary for the Department to inquire further. (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.) Accordingly, we will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new orders regarding the applicability of the ICWA.

Mother raises concern that a conditional affirmance, as opposed to conditional reversal, may result in the denial of due process and reappointment of counsel on remand because her parental rights will not have been reinstated during the further ICWA compliance proceedings. Although mother will not have the right to appear generally as a party to proceedings, file petitions requesting services or placement, or otherwise participate in hearings regarding the minor's placement, permanent plan, or well-being, she is entitled to notice and appointment of counsel for the further ICWA proceedings. (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.) Further, she is entitled to participate fully in the ICWA compliance proceedings, as well as to appeal from the juvenile court's ICWA findings and orders on remand, should the Department and court fail to comply, over mother's objection, with the ICWA. (*Ibid.*; *In re X.V.* (2005) 132 Cal.App.4th 794, 804-805.) We assume the juvenile court will follow established law and afford both parents due process and direct it to do so below.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, the parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.


            /s/
         EARL, J.


We concur:


      /s/
ROBIE, Acting P. J.


      /s/
HULL, J.


7