Filed 11/17/23  In re M.P. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.P., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. S.P., Defendant and Appellant. | A168158 (Sonoma County Sup. Ct. No. DEP6585) |

**MEMORANDUM OPINION**[1]

In 2022, the Sonoma County Human Services Department (Department) filed a petition alleging M.P., then two years old, suffered or was at substantial risk of suffering serious emotional and physical harm or illness because of S.P.'s (mother) substance abuse and domestic violence. (Welf. & Inst. Code, § 300, subds. (a), (b)(1), (c); subsequent statutory

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We recite only those facts necessary to resolve the limited issue before us.

1

references are to this code.)  The juvenile court sustained the petition and later terminated parental rights.

Under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) — a statute establishing minimum federal standards that state courts must follow before removing an Indian child from their family (25 U.S.C. § 1903(4); § 224.1, subds. (a)–(b); *In re T.G.* (2020) 58 Cal.App.5th 275, 287) — the Department was required to inquire whether M.P. had any Indian heritage.  (In its order after the dispositional hearing, the juvenile court found there was no reason to know M.P. was an Indian child.)  On appeal, mother argues the Department failed to comply with its ICWA obligations. The Department agrees, and so do we.

The Department concedes it did not interview all known extended family members.  (See § 224.2, subd. (b).)  Additionally, after mother indicated she had "Pomo Indian and Apache Indian" ancestry, the Department sent an ICWA inquiry letter to various tribes, but it omitted known or readily available information and included incorrect information about familial relationships.  Moreover, it communicated with maternal grandmother — who provided "additional information about Native American ancestry" — but failed to include that information in the section 366.26 report.  Given these deficiencies, we conditionally reverse the juvenile court's order terminating parental rights for a limited remand to ensure compliance with ICWA's inquiry obligations.  (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1437.)

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed.  The matter is remanded to permit the Department and the court to comply with the inquiry and notice provisions of ICWA and California law.

2

If the court finds M.P. is an Indian child, it must conduct a new section 366.26 hearing and all further proceedings in compliance with ICWA and related California law. If the court concludes ICWA does not apply, the order terminating parental rights must be immediately reinstated.

_____

Rodríguez, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Fujisaki, J.

A168158