Filed 3/26/24  In re I.V. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re I.V., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> S.B., <br><br>     Defendant and Appellant. | A168833 <br><br> (Sonoma County Sup. Ct. No. DEP6651) |

**MEMORANDUM OPINION**[1]

In 2022, the Sonoma County Human Services Department (Department) filed, and later amended, a petition alleging I.V. (child), then four months old, came within section 300, subdivision (b)(1).  The juvenile court declared the child a dependent; later, it determined the Department had complied with its obligations under the Indian Child Welfare Act of 1978

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We recite only those facts necessary to resolve the limited issue before us and we omit mention of family members who are not parties to this appeal.  Undesignated statutory references are to the Welfare and Institutions Code.

1

(ICWA; 25 U.S.C. § 1901 et seq.) and that ICWA did not apply. Eventually, the court terminated S.B. (mother's) parental rights.

ICWA establishes minimum standards that state courts must follow before removing an Indian child from their family. (*In re T.G.* (2020) 58 Cal.App.5th 275, 287.) Under ICWA and related state statutes (§ 224 et seq.), the Department was required to inquire whether the child had any Indian heritage. (See *In re T.G.* at p. 292.) On appeal, mother argues the Department and the juvenile court failed to comply with their ICWA obligations.

The Department agrees a limited remand is appropriate, and we accept its concession.[2] The Department concedes it had not yet interviewed extended family members at the time it sent an ICWA inquiry letter to various tribes. (See § 224.2, subd. (b).) It also acknowledges that its inquiry letter and family tree did not include all known information available at the time; nor did it send an updated letter or family tree after it received new information. (See § 224.2, subds. (e)(2)(C), (j).) Given these deficiencies, we conditionally reverse the order terminating mother's parental rights for a limited remand to ensure compliance with ICWA's inquiry and notice obligations. (*In re T.G.*, *supra*, 58 Cal.App.5th at p. 299; *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1437.)

## DISPOSITION

The juvenile court's order terminating mother's parental rights is conditionally reversed. The matter is remanded to permit the Department

---

[2] We informed the parties we were prepared to accept the Department's concession, conditionally reverse the order terminating parental rights, remand to permit compliance with ICWA, and issue the remittitur forthwith. We invited the parties to notify the court if they objected to the proposed disposition; no objection was received.

and the court to comply with the inquiry and notice provisions of ICWA and California law. If the court finds the child is an Indian child, it must conduct a new section 366.26 hearing and all further proceedings in compliance with ICWA and related California law. If the court concludes ICWA does not apply, the order terminating mother's parental rights must be immediately reinstated. The remittitur is issued forthwith. (Cal. Rules of Court, rule 8.272(c)(1)).)

_____
Mayfield, J.*

We concur:


_____
Stewart, P.J.


_____
Miller, J.


*In re I.V.* (A168833)


      * Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4