Filed 9/16/22  In re B.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re B.R., a Person Coming Under the Juvenile Court Law. | C095916 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>M.L.,<br><br>    Defendant and Appellant. | (Super. Ct. No. 53005134) |

Appellant M.L., mother of the minor, appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.[1]  (Welf. & Inst. Code,

---

[1] Father also filed a notice of appeal but did not file an opening brief.  Accordingly, his appeal was dismissed on June 23, 2022.  (See Cal. Rules of Court, rule 8.412(d)(1)(A)(iii) & (2).)

1

§§ 366.26, 395.)[2] Mother's sole contention on appeal is that we must conditionally reverse for further Indian Child Welfare Act (ICWA) compliance because the initial inquiry by the Placer County Department of Health and Human Services (Department) was insufficient to support the juvenile court's finding that the ICWA does not apply. (25 U.S.C. §§ 1901 et seq.; § 224.2.) The Department concedes the ICWA error and the need for a limited remand for further ICWA compliance but suggests conditional affirmance, rather than conditional reversal. Although mother opposes this remedy, we agree that conditional affirmance of the orders is warranted, subject to further ICWA compliance.

FACTUAL AND PROCEDURAL BACKGROUND

Because the issue on appeal is limited to ICWA compliance, we dispense with a detailed recitation of the underlying facts and procedure. It suffices to say that on December 15, 2020, the Department sought a protective custody warrant and filed a section 300 petition on behalf of the then one-month-old minor based on the parents' substance abuse. Both parents were present at the January 5, 2021 detention hearing. The juvenile court asked the parents whether their families had any Native American heritage that qualified them or the minor to be a registered tribal member. Mother responded "no" and father stated, "I don't believe so." The court directed the parents to inform the social worker if they received any new information regarding the minor's Indian heritage, and found the ICWA did not apply. The minor was ordered detained.

The report prepared for the jurisdiction/disposition hearing stated that both parents were asked again (telephonically by the social worker) about Indian ancestry on January 11, 2021, and both parents "continued to decline [*sic*] any knowledge of Native American hertiage [*sic*]." The six-month review report stated that on July 15, 2021,

---

[2] Undesignated statutory references are to the Welfare and Institutions Code.

2

mother again denied having Indian heritage. The social worker had texted father, but father did not reply. At the August 31, 2021, six-month review hearing, the juvenile court again found the ICWA did not apply.

The section 366.26 report stated that on September 23, 2021, mother denied having any new information about Indian ancestry and father did not respond to the social worker's inquiry. The Department asked for another finding that the ICWA did not apply, but the juvenile court did not make any further findings regarding the ICWA and terminated parental rights.

## DISCUSSION

Mother contends the Department's inquiry into the minor's possible Native American ancestry was insufficient because, although the parents denied Native American ancestry, there is no evidence the Department followed-up with any of the known extended family members to inquire whether they knew of possible Native American ancestry.[3] She contends the juvenile court's findings that the ICWA inquiry and notice requirements had been satisfied and the ICWA does not apply were thus unsupported by the evidence. The Department agrees.

" 'The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect "Indian children

---

[3] Although mother's briefing asserts that both parents "denied Indian ancestry," we note that father's initial assertion that he did "not believe so" when asked if he had any Native American ancestry is a somewhat equivocal response rather than a firm denial of such ancestry. Although it was also reported that father "continued to decline any knowledge" of such ancestry when asked the second and final time (for which a response was received), as we have set forth in detail above, this response is not presented as a firm denial, and the report does not provide father's response verbatim. Yet available paternal relatives were not asked about possible ancestry, as we discuss below.

3

who are members of or are eligible for membership in an Indian tribe." [Citation.]' (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360.)

" '[S]ection 224.2 creates three distinct duties regarding [the] ICWA in dependency proceedings. First, from the [Department]'s initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a "reason to *believe*" the child is an Indian child, then the [Department] "shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable." (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone "knows or has reason to know that the child is an Indian child"]; *id.*, subd. (d) [defining circumstances that establish a "reason to know" a child is an Indian child]; § 224.3 [ICWA notice is required if there is a "reason to know" a child is an Indian child as defined under § 224.2, subd. (d)].)' (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)" (*In re G.A., supra*, 81 Cal.App.5th at p. 361.)

In this case, both parents denied knowledge of Native American ancestry but did provide contact information for extended family members for placement purposes. The social worker interviewed the maternal grandmother and a maternal great-aunt for the jurisdiction/disposition report, but there is no indication that either was asked about Native American ancestry. The social worker also interviewed the paternal grandmother

4

and obtained the father's social history from her, but the record does not reflect she was ever asked about Native American heritage. Two paternal aunts were also contacted regarding placement of the child, but the record contains no evidence that either were asked about Native American ancestry.

The parties agree the Department was required to make additional efforts to inquire about possible Native American ancestry from the parents' known relatives and that remand is necessary for the Department to inquire further. (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.) Accordingly, we remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new orders regarding the applicability of the ICWA.

Mother raises concern that a conditional affirmance, as opposed to conditional reversal, may result in the denial of due process and reappointment of counsel on remand because her parental rights will not have been reinstated during the further ICWA compliance proceedings. Although mother will not have the right to appear generally as a party to proceedings, file petitions requesting services or placement, or otherwise participate in hearings regarding the minor's placement, permanent plan or well-being, she is entitled to notice and appointment of counsel for the further ICWA proceedings. (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.) Further, she is entitled to participate fully in the ICWA compliance proceedings, as well as to appeal from the juvenile court's ICWA findings and orders on remand, should the Department and court fail to comply, over mother's objection, with the ICWA. (*Ibid.*; *In re X.V.* (2005) 132 Cal.App.4th 794, 804-805.) We assume the juvenile court will follow established law and afford both parents due process and direct it to do so below.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject only to full compliance with the ICWA as described by this opinion. If, on remand, the juvenile

5

court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing.  (25 U.S.C. § 1914; § 224, subd. (e).)  On remand, the parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.


                                            _____/s/_____

                                            Duarte, Acting P. J.


We concur:


_____/s/_____

Renner, J.


_____/s/_____

Earl, J.