Filed 4/24/23 In re J.V. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.V., a Person Coming Under the Juvenile Court Law. | C097072 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.W.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD241746) |

Appellant A.W., mother of the minor J.V., appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption. (Welf. & Inst. Code, §§ 366.26, 395.)[1] Mother's sole contention on appeal is that the juvenile court and the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Sacramento County Department of Child, Family and Adult Services (the Department) failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA), because the Department did not contact extended family members to inquire about the ICWA. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department concedes the ICWA error and the need for a limited remand for further ICWA compliance but suggests conditional affirmance, rather than conditional reversal. We agree that conditional affirmance of the orders is warranted, subject to further ICWA compliance.

## I. BACKGROUND

The underlying facts of the dependency are not at issue, and we do not recite them. We limit our recitation of the background to those facts relevant to the ICWA inquiry and noticing requirements.

On January 11, 2022, the newborn minor was taken into protective custody following a report that mother tested positive for methamphetamine at the time of the minor's birth. The Department filed a petition alleging that the minor came within the provision of section 300, subdivision (b)(1), failure to protect, and section 300, subdivision (j), abuse of sibling.

The detention report showed that the investigating social worker asked mother about possible Native American ancestry prior to the filing of the section 300 petition. Without elaboration, the detention report states that mother "denied having any Native American heritage." At the January 13, 2022, initial detention hearing, mother named B.V. as the minor's father but stated that she was not married and that B.V. was not present for J.V.'s birth. The juvenile court found that B.V., who was not present for the hearing, was the minor's alleged father. The court inquired regarding the mother's ancestry, and mother's counsel indicated that she did not have any Native American ancestry. Mother also provided a Parental Notification of Indian Status (ICWA-020) form, stating she had no Native American ancestry. The court found there was no information that the ICWA applied, but the Department was ordered to continue to make

2

further inquiry once parentage was established. The applicability of the ICWA was not addressed at subsequent proceedings.

The Department's February 3, 2022, jurisdiction and disposition report stated that the social worker contacted B.V. and he denied any Native American heritage. On March 23, 2022, the juvenile court bypassed reunification services as to mother and set a selection and implementation hearing pursuant to section 366.26. Subsequently, the Department informed the juvenile court that paternity testing showed B.V. was not the minor's biological father. The court ordered the Department to contact mother to inquire as to other possible fathers. Mother did not name any other possible fathers.

In its section 366.26 report filed on July 12, 2022, the Department advised the court that mother's whereabouts were unknown and that mother had not been in contact with the social worker since June 26, 2022. On August 11, 2022, at the continued selection and implementation hearing pursuant to section 366.26, mother was not present. The juvenile court denied the request for further continuance and found the minor adoptable, determined no statutory exceptions to adoption were applicable, and terminated parental rights as to mother and all unknown fathers.

Mother filed a timely notice of appeal.

## II. DISCUSSION

Mother contends that the Department and the juvenile court failed to comply with their initial duty of inquiry under section 224.2, subdivision (b). The Department concedes that remand for further ICWA compliance is warranted.

As this court recently explained: " 'The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect "Indian children who are members of or are eligible for membership in an Indian tribe." [Citation.]' (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA

3

defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Mother cites section 224.2, subdivision (b), which imposes a more extensive duty to inquire about Indian ancestry if a child is placed in the temporary custody of a welfare department (§ 306) or probation department (§ 307): "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members,

4

others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).)

In this case, the Department does not dispute mother's claim that the record demonstrates that the Department had contact information for several maternal relatives and had the opportunity to inquire about the minor's ancestry with those relatives, but there is nothing in the record indicating that the Department asked the relatives about the minor's ancestry. Accordingly, we agree with the parties that the Department was required to make additional efforts to inquire about possible Native American ancestry from mother's known relatives and that remand is necessary for the Department to inquire further. (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.) We will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new orders regarding the applicability of the ICWA.

Mother requests a conditional reversal, as opposed to conditional affirmance. On remand following a conditional affirmance, although mother will not have the right to appear generally as a party to proceedings, file petitions requesting services or placement, or otherwise participate in hearings regarding the minor's placement, permanent plan, or well-being, she is entitled to notice and appointment of counsel for the further ICWA proceedings. (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.) Further, she is entitled to participate fully in the ICWA compliance proceedings, as well as to appeal from the juvenile court's ICWA findings and orders on remand, should the Department and court fail to comply, over mother's objection, with the ICWA. (*Ibid.*; *In re X.V.* (2005) 132 Cal.App.4th 794, 804-805.) We assume the juvenile court will follow established law and afford mother due process and direct it to do so below.

### III. DISPOSITION

The orders terminating parental rights are conditionally affirmed subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile

5

court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, mother shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

KRAUSE, J.