Filed 3/25/24  In re A.H. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | C099649 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, Plaintiff and Respondent, v. K.M., Defendant and Appellant. | (Super. Ct. No. JD241151) |

Appellant K.M. (mother) appeals from the juvenile court's orders terminating parental rights and freeing A.H. (the minor) for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother requests the matter be remanded for further Indian Child

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Welfare Act (ICWA) compliance proceedings because the initial inquiry by the Sacramento County Department of Child, Family and Adult Services (Department) was insufficient to support the juvenile court's finding that the ICWA does not apply. (25 U.S.C. § 1901 et seq.; § 224.2.)  The Department does not oppose such remand.  We will conditionally affirm the juvenile court's orders and remand for ICWA compliance.

BACKGROUND

On February 22, 2021, the Department obtained a protective custody warrant and filed a petition alleging that the minor came within the provision of section 300, subdivision (b)(1), failure to protect, based on domestic violence in the home of Al.H. (father), who had sole legal and physical custody of the minor and his sibling.[2]  Attached to the petition was an Indian child inquiry (ICWA-010) form indicating that when the Department asked father about Native American ancestry, father indicated he had no reason to believe there was any such ancestry.  The juvenile court vacated the protective custody warrant and temporarily detained the minor, but later returned the minor to father's custody.

Father and mother both said they had no Native American ancestry.  On March 2, 2021, the juvenile court asked both parents about Native American ancestry and noted that the parents said they had no such ancestry.  They each provided parental notification of Indian status (ICWA-020) forms confirming their denial of Native American ancestry. The juvenile court found there was no reason to know or believe the minor was an Indian child within the meaning of the ICWA.

The juvenile court did not make subsequent findings regarding ICWA.  The juvenile court assumed jurisdiction over the minor, adjudged him a dependent, and ordered him to remain in father's custody with family maintenance services.  Section 387

---

[2] The minor's sibling was the subject of a separate appeal, is not included in the instant appeal, and is mentioned only for context.

and 342 petitions were later filed and sustained, and the minor was removed from parental custody. Although the Department had identified, communicated with, and had access to a number of the minor's relatives, the Department reports did not indicate whether it had asked extended family members about the minor's potential Native American ancestry.

Parents failed to reunify with the minor. The section 366.26 selection and implementation hearing took place on August 1, 2023. The juvenile court found the minor adoptable, determined no statutory exceptions to adoption were applicable, and terminated parental rights.

DISCUSSION

Mother contends the Department's inquiry into the minor's possible Native American ancestry was insufficient because, although the parents denied Native American ancestry, there is no evidence the Department contacted any of the known extended family members to inquire whether they knew of possible Native American ancestry. The Department agrees that remand for further ICWA compliance is warranted.

The ICWA protects the interests of Indian children and Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) An Indian child is either a member of an Indian tribe, or is eligible for such membership and is the biological child of a member. (25 U.S.C. § 1903(4).) The juvenile court and the social services department have a continuing duty to inquire whether a child subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a); *In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)

Section 224.2 creates three ICWA duties. First, there is a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if there is reason to believe the child is an Indian child, the Department shall

3

make further inquiry as soon as practicable.  (§ 224.2, subd. (e).)  Third, if there is reason to know the child is an Indian child, the formal notice requirements of section 224.3 apply.  (See § 224.2, subds. (c), (d); § 224.3; *In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)  We review claims of inadequate ICWA inquiry for substantial evidence.  (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

The Department does not dispute that, although it had an opportunity to inquire about the minor's ancestry with maternal and paternal relatives, the record does not indicate that such an inquiry occurred.  Because additional inquiry should have been made with the parents' known relatives (see § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018), we will remand the matter for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new findings regarding the applicability of the ICWA.

Mother raises concern that a conditional affirmance, as opposed to conditional reversal, may result in the denial of due process and reappointment of counsel on remand because her parental rights will not have been reinstated during the further ICWA compliance proceedings.  Although mother will not have the right to appear generally as a party to proceedings, file petitions requesting services or placement, or otherwise participate in hearings regarding the minor's placement, permanent plan, or well-being, she is entitled to notice and appointment of counsel for the further ICWA proceedings. (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.)  Further, she is entitled to participate fully in the ICWA compliance proceedings, as well as to appeal from the juvenile court's ICWA findings and orders on remand, should the Department and court fail to comply, over mother's objection, with the ICWA.  (*Ibid.*; *In re X.V.* (2005) 132 Cal.App.4th 794, 804-805.)  We assume the juvenile court will follow established law and afford both parents due process and direct it to do so below.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject to compliance with the ICWA. If, on remand, the juvenile court determines the minor is an Indian child within the meaning of the ICWA, the juvenile court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.


                                              /s/
                                    BOULWARE EURIE, J.


We concur:


      /s/
DUARTE, Acting P. J.


      /s/
RENNER, J.